# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

DAVID JACKSON                                                                    PLAINTIFF

V.                                                                  NO. 4:10MC002-MPM

CHRISTOPHER EPPS, et al.                                                         DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently incarcerated at the Mississippi State Penitentiary, files this *pro se* complaint pursuant to 42 U.S.C. § 1983.

### Plaintiff has Accumulated Three Strikes

The Plaintiff, an inmate in the custody of the Mississippi Department of Corrections, has submitted a complaint *pro se* pursuant to 42 U.S.C. § 1983, along with an application to proceed *in forma pauperis*. Foremost and importantly, Plaintiff has already accumulated three strikes as described in 28 U.S.C. § 1915(g), and he, therefore, may not proceed as a pauper unless he is in imminent danger of serious physical injury. The accumulation of three strikes was recognized and he was barred from proceeding *in forma pauperis* in *Jackson v. Epps,* 4:07CV26-M-B. *See* 28 U.S.C. § 1915(g). Thus, the Plaintiff may not file a new cause of action without paying the filing fee or demonstrating he is in imminent danger of serious physical injury.

### Claim

The Plaintiff essentially attempts to state a claim for denial of medical treatment. The claim is negated by Plaintiff's own averments. He complains generally about submitting three sick call forms for back pain and dehydration. The Plaintiff assigns fault with the Defendants' failure to have a doctor examine him. Yet, he admits he was seen and provided treatment by a registered nurse.

It is clear from the pleadings that the Plaintiff has received medical treatment. The Plaintiff's

primary complaint in this regard is his belief that he has a serious medical condition. A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Thus, his disagreement with the treatment he received does not state a cognizable claim under § 1983.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

Despite Plaintiff's insistence, the Constitution has not been implicated by the facts of this case. According to his own statements, Plaintiff has not been denied medical attention. Rather, Plaintiff simply disagrees with the method and manner of treatment. Since Plaintiff is barred from proceeding IFP, he must allege facts showing that he is in imminent danger of serious physical injury. The Plaintiff's allegations simply fall short. Consequently, Plaintiff's complaint will be dismissed for failing to state a claim upon which relief may be granted.

## Preliminary Injunction

In an attempt to overcome the effect of the three-strikes rule, the plaintiff has filed a motion for preliminary injunction attempting to transform his disagreement with the medical treatment into the requisite imminent danger.

It is well settled that a party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058, 134 L. Ed. 2d 202 (1996); *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994); *Doe v. Duncanville Independent School District*, 994 F.2d 160, 163 (5th Cir. 1993); *Plains Cotton Co-op Association v. Goodpasture Computer Serv., Inc*., 807 F.2d 1256, 1259 (5th Cir.), *cert. denied*, 484 U.S. 821, 108 S. Ct. 80, 98 L. Ed. 2d 42 (1987); *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). This court pays more than lip service to the axiom that a preliminary injunction is an extraordinary remedy. *Cherokee Pump*, 38 F.3d at 249. It is "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

As discussed *supra*, the Plaintiff is unable to demonstrate a substantial likelihood of success on the merits in light of the failure to state a claim as discussed *supra*. Accordingly, the Plaintiff is

unable to overcome the first element necessary for a preliminary injunction. His failure in this regard renders any further analysis or discussion unnecessary.

**Conclusion**

The Plaintiff has abused his privilege to proceed as a pauper in civil litigation under 28 U.S.C. § 1915(g). As a result, in order to proceed *in forma pauperis*, Plaintiff must allege facts which show he is in imminent danger of physical injury. The Plaintiff's general disagreement with the medical treatment he has received, do not satisfy this requirement. Finally, Plaintiff's motion for preliminary injunction which is based on his fledgling claim is, likewise, unavailing.

A final judgment in accordance with this opinion will be entered.

THIS the 1st day of October, 2010.

                    **/s/ MICHAEL P. MILLS**
                    **CHIEF JUDGE**
                    **UNITED STATES DISTRICT COURT**
                    **NORTHERN DISTRICT OF MISSISSIPPI**